[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff seeks an injunction and money damages, claiming that the Defendant has wrongfully obstructed and continues to obstruct its access to property it owns abutting Morey Road in New Milford, Connecticut. The Defendant admits that he placed a fence across the area the Plaintiff claims is a town right of way.
After reviewing the oral testimony and the exhibits, and having evaluated the credibility of the witnesses, the Court makes the following findings:
The Plaintiff's property abuts on Morey Road, New CT Page 11157 Milford, Connecticut, which runs from Erickson Road to Old Pumpkin Road. At all times pertinent hereto, Morey Road (formerly Old Cummings Road), has been a public highway, and has not been discontinued, even though it has been little used at its southern end.
The Plaintiff owns approximately 39 acres on the west side of Morey Road. On March 31, 1995, the Plaintiff obtained a building permit for one lot on its property, and on September 21, 1995 it obtained subdivision approval for the rest of the property, which gives it six (6) additional building lots.
In dearly April, 1995, the Plaintiff knocked down a fence that was across Morey Road in front of its property, and within a day or two, the Defendant put up another fence, which is still there. This fence, which interferes with the Plaintiff's access to its property, is located on Morey Road.
In a 1982 case, the Conn. Supreme Court stated:
 Under our law, such a highway creates no interests in fee, the presumption being that the landowners whose lands abut the highway continue to be the owners of the soil to the middle of the highway. (Citations omitted). Instead of creating a fee, the taking of the highway creates two easements: the public easement of travel, that permits the general traveling public to pass over the highway at will, and the private easement of access, that permits landowners who abut the highway to have access to the highway and to the connecting system of public roads. (Citations omitted).
Luf v. Southbury, 188 Conn. 336, 341 (1982).
Therefore the Plaintiff has a private easement of access to Morey Road, and the right to pass over the road at will, and the Defendant may not obstruct, hinder or disturb these rights. The Plaintiff's inability to use and enjoy its property constitutes irreparable harm for which there is no adequate legal remedy. CT Page 11158
The Plaintiff also claims an attorney's fee of $9,000 to $10,000, mortgage interest costs of $6,000, and expenses of $2,000 for title searches, engineering and surveying work.
The Court declines to award interest because the Defendant acknowledged that it could have got onto the building lot that was approved March 31, 1995, even though the fence was there, but decided not to do so partially because it wanted to get this case resolved first. As to the attorney's fees and expenses, no award is made for these because there is not a sufficient evidentiary basis for the Court to find that these fees and expenses were reasonable.
NOW, THEREFORE, the Plaintiff's Application for Temporary Injunction, and supporting documents having come before the Court, pursuant to an order to show cause why a temporary injunction should not issue as prayed for and the parties appeared and were fully heard,
And it appearing to the Court that a temporary injunction ought to issue, without bond,
NOW, THEREFORE, BY AUTHORITY OF THE STATE OF CONNECTICUT, the Defendant, JOHN DOCKTOR, and each of his officers, servants, agents and employees are hereby COMMANDED under penalty of law, to wholly and absolutely desist and refrain from interfering with the Plaintiff's peaceful use of the town road known as "Morey Road", Town of New Milford, County of Litchfield and State of Connecticut, which abuts the Plaintiff's property, until further order of this Court.
Dated at Litchfield, Connecticut this 28th day of September, 1995.
BY THE COURT HON. RICHARD A. WALSH, J.